**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____  Original Plan

☐ _____  Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

■ 2nd _____  Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Anthony M. Barber     JOINT DEBTOR: _____     CASE NO.: 24-11243-MAM

SS#: xxx-xx- 0906     SS#: xxx-xx-_____

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section IX | ■ Included | ☐ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $337.86   for months  1  to  6 ;
2. $400.82   for months  7  to  7 ;
3. $353.56   for months  8  to  60 ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**   ☐ NONE   ☐ PRO BONO

| | | | | |
|---|---|---|---|---|
| Total Fees: | $6,000.00 | Total Paid: $500.00 | Balance Due: | $5,500.00 |
| Payable | $307.38 | /month (Months 1 to 6 ) | | |
| Payable | $344.38 | /month (Months 7 to 7 ) | | |
| Payable | $275.95 | /month (Months 8 to 19 ) | | |

Allowed fees under LR 2016-I(B)(2) are itemized below:
$5,200 + $800 Mod

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS   ☐ NONE

**A. SECURED CLAIMS:** ■ NONE

**B. VALUATION OF COLLATERAL:** ■ NONE

**C. LIEN AVOIDANCE** ■ NONE

**D. SURRENDER OF COLLATERAL:** ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

Debtor(s): Anthony M. Barber     Case number: 24-11243-MAM

■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.

☐ Other: _____

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | John Deere Financial | unk | 2023 NEXHAUL SHARK TRAILER |
| 2. | Performance Finance | 6511 | 2022 POLARIS SPORTSMAN 1000S |
| 3. | Roadrunner Financial, Inc./ Roadrunner Account Services | 6186 | 2023 POLARIS RZR TURBO R |
| 4. | Army & Air Force Exchange Services | 3066 | household goods per amended Claim #4 |

**E. DIRECT PAYMENTS** ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Empower Retirement | unk | 401k |
| 2. | Empower Retirement | unk | 401k |
| 3. | Cardinal Finance Co/ Dovenmuehle Mtg | 7969 | 5712 Tangelo Dr. Fort Pierce, FL 34982 |
| 4. | Sharonview FCU | 6630 | 2020 FORD F350 |

**IV. TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]  ☐ NONE

**A. ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

**B. INTERNAL REVENUE SERVICE:** ☐ NONE

| Total Due: | $8,216.34 | Total Payment | $9,530.40 |
|---|---|---|---|
| Payable: | $6.98 | /month (Months 1 to 6) | |
| Payable: | $10.00 | /month (Months 7 to 7) | |
| Payable: | $35.47 | /month (Months 8 to 19) | |
| Payable: | $220.80 | /month (Months 20 to 60) | |

**C. DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

**D. OTHER:** ■ NONE

**V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS** ☐ NONE

A. Pay $3.23 /month (Months 1 to 6)

Pay $10.00 /month (Months 7 to 19)

Pay $100.62 /month (Months 20 to 60)

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. SEPARATELY CLASSIFIED: ■ NONE

**VI. STUDENT LOAN PROGRAM** ■ NONE

**VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ■ NONE

Debtor(s): Anthony M. Barber        Case number: 24-11243-MAM

**VIII.    INCOME TAX RETURNS AND REFUNDS:**

- [■] Debtor(s) shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than May 15th during the pendency of the Chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims. [Broward/Palm Beach cases]

**IX.    NON-STANDARD PLAN PROVISIONS** ☐ NONE

- [■] Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

IRS priority payments include 6% interest. <u>Pursuant to In re Lanning, the debtor's prospective income has changed due to reduction of salary to $125,000.00 per year. The new gross income on line 11 is $10,447.84. The new tax deduction on line 16 is $2,178.97. The total of all deductions on line 44 is now $10,984.91. The new monthly disposable income on line 45 is now negative $537.07.</u>

- [ ] Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| Debtor | Date | Joint Debtor | Date |
|---|---|---|---|
| Anthony M. Barber | | | |

Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1]

Date: 8/15/24

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

---

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.